# IN SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          :
                                     : ID No. 1610001844B

v.                               :

                                     :

JORDON O. HARRIS,           :

                                     :

     Defendant.                :

Submitted: June 23, 2020
Decided: July 24, 2020

## MEMORANDUM OPINION AND ORDER

*Upon Defendant Jordon Harris' Petition for*
*Relief Pursuant to Superior Court Criminal Rule 61:*
***DENIED***

*Upon Postconviction Counsel's Motion to Withdraw:*
***DENIED AS MOOT***

Patrick Collins, Esquire and Kimberly A. Price, Esquire, Collins & Associates, 8 East 13th Street, Wilmington, DE 19801

Jordan Harris, *Pro Se*, James T. Vaughn Correctional Center, 1181 Paddock Road Smyrna, DE 19977 (SBI#00608777)

**KARSNITZ, J.**

## BACKGROUND AND PROCEDURAL HISTORY

*Charges and Indictment*

This case involves the sale of a firearm to an undercover detective on July 19, 2016. On October 24, 2016, a grand jury returned an indictment, charging Mr. Harris with the following:

1. Possession of a Firearm by a Person Prohibited (PFBPP)
2. Carrying a Concealed Deadly Weapon (Firearm) (CCDW)
3. Criminal History Record Checks for Sales of Firearms by Unlicensed Persons ("Record Checks for Sales of Firearms")
4. Criminal Solicitation Second Degree

*Trials and Sentencing*

Prior to the first trial, the Court granted a motion to sever PFBPP charge from the remaining charges. One case (the "A Case") encompassed the CCDW, Record Checks for Sales of Firearms, and Criminal Solicitation offenses. The other case (the "B Case") included the PFBPP offense. The A Case went to trial on two separate occasions. The Court granted mistrials in both.

The parties agreed that the third trial would be the B Case, rather than a retrial of the A Case. A week before the third trial began, trial counsel filed a Motion to Conduct a Hearing Pursuant to *State v. Flowers*. The Court granted the motion, and subsequently conducted a *Flowers* hearing. After the Court

2

determined that the State did not need to reveal the identity of the confidential informant, the case proceeded to a jury trial. The jury found Mr. Harris guilty of PFBPP an he was sentenced immediately. The Court sentenced Mr. Harris to the minimum mandatory sentence of five years with no probation to follow. On November 7, 2017, the State entered a *nolle prosequi* on the A Case.

### *Appellate proceeding*

Trial counsel timely filed a notice of appeal and appellate counsel entered his appearance. Mr. Harris requested to represent himself *pro se* on appeal. The Supreme Court ordered the Superior Court to hold an evidentiary hearing, make findings and recommendations, and determine if Mr. Harris' request was knowing, intelligent, and voluntary. The Supreme Court adopted the Superior Court's findings of fact, conclusions of law, and recommendation, and allowed Mr. Harris to represent himself on appeal. On December 5, 2018, the Supreme Court affirmed Mr. Harris' conviction and sentence.

### *Postconviction proceedings*

Mr. Harris filed a timely *pro se* Motion for Postconviction Relief on January 24, 2019. On May 9, 2019, he filed a second Motion for Postconviction Relief and a Motion for Appointment of Counsel. Postconviction counsel was appointed to represent Mr. Harris in his postconviction proceedings and this Court

issued an order setting forth deadlines. Having found no meritorious grounds for postconviction relief, postconviction counsel have filed a Motion to Withdraw.

## THE MOTION TO WITHDRAW
## BY POSTCONVICTION COUNSEL

Postconviction counsel assert that, based upon a conscientious review of the record and the law, the Rule 61 petition is wholly without merit, and has filed a memorandum with their analysis, and motion to withdraw. Postconviction counsel indicates that they informed Harris of his right to address the issues in writing and provided him with a copy of their motion to withdraw and the accompanying memorandum. Postconviction counsel also informed Harris of his right to submit points he wanted this Court to consider. Harris has now submitted his points for my consideration. I have not requested a response from the State.

## DISPOSITION OF THE PETITION

Harris raises two claims in his filing. First, he claims in rambling fashion that trial counsel was ineffective for failing to request a *"Brady* hearing". The argument seems to be that his identification was based in part on the confidential informant's review of Facebook and Deljis photos of him. Somehow Harris believes a *Brady* hearing would have resulted in the production of the photos which he believes were exculpatory.

4

*Brady* requires production of potentially exculpatory evidence. Here the State met its *Brady* obligations. Harris claims are conclusory and show no *Brady* violation. Harris' claim is also factually incorrect. The information requested was provided to him. This claim has been fully analyzed in postconviction counsel's memorandum in support of his motion to withdraw, and I agree with the analysis. No *Brady* violation occurred, and no claim for ineffective assistance of counsel based upon such claim has been shown.

Next, Harris claims the trial court erred by failing to give an instruction based upon *Lolly v. State*.[1] This claim has been previously litigated, and is not a proper subject for a Rule 61 petition.[2] This argument was rejected in Harris' direct appeal, and cannot be a claim appropriate for review in this Rule 61 petition.[3]

When reviewing a motion by postconviction counsel to withdraw and an accompanying brief, I must be satisfied that postconviction counsel has made a conscientious examination of the record and the law for arguable claims. I must also conduct my own review of the record and determine whether "the appeal is

---

[1] 611 A.2d 956 (1992).

[2] Superior Ct. Crim. Rule 61(a)(i).

[3] See Superior Ct. Crim. Rule 61(i)(4).

5

indeed so frivolous that it may be decided without an adversary presentation."

I have reviewed the record carefully and conclude that the petition is wholly without merit and devoid of any meritorious issue. I also am satisfied that postconviction counsel made a conscientious effort to examine the record and the law and properly determined that Harris could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the petition for relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

IT IS FURTHER ORDERED that the motion to withdraw as postconviction counsel is **DENIED as moot**.

Craig A. Karsnitz

cc: Prothonotary
Casey Ewart, Esquire

FILED PROTHONOTARY
SUSSEX COUNTY
2020 JUL 24 P 3: 15

6